J-S70037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHAWN BISHOP, | : | |
| | : | |
| Appellant | : | No. 3747 EDA 2015 |

Appeal from the Order November 16, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-1208991-2002

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED NOVEMBER 15, 2016**

Shawn Bishop ("Bishop"), *pro se*, appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  *See* 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth in its Opinion the relevant procedural history underlying this appeal, which we incorporate as though fully set forth herein. *See* PCRA Court Opinion, 3/22/16, at 1-3.

In this timely appeal, Bishop presents the following questions for our review:

1. Did the PCRA court err[] in dismissing [Bishop's] PCRA Petition by conflating the [PCRA's] timeliness requirements with merit[]s review, contravening [the Pennsylvania] Supreme Court's decision in *Commonwealth v. Bennett*, 930 A.3d 1264 (Pa. 2007)?

2. Did the PCRA court err[] by dismissing [Bishop's] successive PCRA Petition as untimely where the Petition was filed within sixty days of PCRA Counsel (James Bruno[, Esquire

(hereinafter "PCRA counsel"),]) informing [Bishop] personally by letter that [PCRA counsel] was temporarily disbarred?

3. [Whether] the PCRA court erred by dismissing [Bishop's] PCRA Petition based[,] to any degree[,] on a finding that [Bishop] could not establish prejudice where PCRA counsel's mental condition interfered with counsel's ability to provide [Bishop] with his rule[-]base[d] right (Pa.R.Crim.P. 904) to effective assistance of counsel on his first PCRA Petition?

4. Did the PCRA court err[] by appointing [Bishop] an attorney who had a long[-]documented history of disciplinary issues[,] dating back to 1998, and accepting [Bishop's] *pro se* filings ([Bishop's response to the PCRA court's Pa.R.Crim.P.] 907 Notice, [and the] Notice of Appeal) below while [PCRA] counsel was still counsel of record?

5. Did the PCRA court err[] by not restoring [Bishop's] PCRA rights where [PCRA] counsel failed to perform his duties as required under Pa.R.Crim.P. 904?

Brief for Appellant at 4 (some capitalization omitted).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). The review is limited to the findings of the PCRA court and the evidence of record. ***Id***. The PCRA court's decision will be upheld if it is supported by the record and free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration time for seeking the review." ***Id***.

- 2 -

§ 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Bishop's judgment of sentence became final on July 21, 2009, when the time to file a petition for writ of *certiorari* with the United States Supreme Court expired. **See Commonwealth v. Wilson**, 911 A.2d 942, 945 (Pa. Super. 2006). Therefore, Bishop's instant PCRA Petition, which was filed over six years later, is facially untimely. **See** 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). To establish an exception to the timeliness requirement, the Petitioner must plead and prove 1) the failure to raise the claim was the result of government interference; 2) the facts upon which the claim is predicated were unknown and could not have been discovered with due diligence (hereinafter "the newly-discovered facts exception"); or 3) the right asserted is a Constitutional right recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in the section, and the court has held that it applies retroactively. **Id.** Any petition invoking one of these

exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2).

We will address all of Bishop's claims simultaneously, as they are related. Bishop argues that the PCRA court improperly dismissed his second PCRA Petition because he (1) met the requirements of the newly-discovered facts exception; and (2) filed the PCRA Petition within 60 days of the date his claim concerning this exception could have been presented. *See* Brief for Appellant at 12, 15-16. Specifically, Bishop contends that the letter that PCRA counsel sent to Bishop on March 22, 2013 (hereinafter "the Suspension Letter"), informing Bishop of PCRA counsel's temporary suspension from the practice of law,[1] constitutes a newly-discovered fact that meets the timeliness exception. *Id.* at 12-13, 15. According to Bishop, PCRA counsel's "ADHD [] caused [counsel] to abandon [Bishop] on his first PCRA [P]etition[,]" and PCRA counsel's representation was ineffective. *Id.* at 14, 19; *see also id.* at 18 (arguing that the Amended first PCRA Petition that PCRA counsel filed on behalf of Bishop "was so boilerplate and insufficient[,] in that it was substantially lacking in citation to any legal authorities and without any meaningful argument. In all likelihood[,] the deficient document is the result of [PCRA counsel's] cognitive disorders.

_____

[1] Bishop attached to his brief a Report and Recommendation issued by the Disciplinary Board of the Pennsylvania Supreme Court, which detailed PCRA counsel's diagnosis of Attention Deficit-Hyperactivity Disorder ("ADHD") and depression, and counsel's violations of the Rules of Professional Conduct. *See* Brief for Appellant, Exhibit B.

[PCRA counsel] never consulted or communicated with [Bishop] throughout the PCRA proceedings.") (internal citation omitted).

In its Opinion, the PCRA court addressed Bishop's claims, concisely summarized the law pertaining to the newly-discovered facts exception, and determined that Bishop failed to meet this exception. *See* PCRA Court Opinion, 3/22/16, at 5-7. We affirm with regard to Bishop's issues based on the PCRA court's sound rationale, *see id.*, with the following addendum.

Generally, claims of ineffective assistance of counsel, such as Bishop's claim, will not save an otherwise untimely petition from the application of the time restrictions of the PCRA. *Commonwealth v. Edmiston*, 65 A.3d 339, 349 (Pa. 2013); *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000). However, the Supreme Court of Pennsylvania has determined that a PCRA petitioner's discovery that his counsel has abandoned him (by failing to file a requested appeal from an order denying his timely first PCRA petition, a court-ordered Pa.R.A.P. 1925(b) concise statement, or an appellate brief) can permit the petitioner to circumvent the PCRA time bar under the newly-discovered facts exception. *Bennett*, 930 A.2d at 1273;[2] *see also id*. (stating that "subsection 9545(b)(1)(ii) is a limited extension of the one-year time requirement under circumstances where a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control.").

---

[2] Bishop invoked *Bennett* in both his appellate brief and second PCRA Petition.

In the instant case, unlike in *Bennett*, Bishop was not deprived of his right to a counseled first PCRA appeal. Although PCRA counsel undeniably failed to file a court-ordered Rule 1925(b) concise statement on Bishop's behalf (regarding Bishop's appeal from the denial of his first PCRA Petition), after PCRA counsel withdrew his representation, the PCRA court appointed Bishop new counsel, and this Court decided Bishop's appeal on the merits. Accordingly, *Bennett* is of no avail to Bishop, and the PCRA court properly determined that Bishop failed to establish the newly-discovered facts exception.

Accordingly, because we conclude that Bishop did not meet any of the time timeliness exceptions necessary to save his facially untimely second PCRA Petition, and his ineffectiveness claim is unavailing, the PCRA court properly dismissed the Petition.

Order affirmed.

Judge Ott joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016

- 6 -

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA

CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA  :          CP-51-CR-1208991-2002

v.                             :          3747 EDA 2015

SHAWN BISHOP                   :

                              :

**OPINION**

Rose Marie DeFino-Nastasi, J.

**FILED**

MAR 2 2 2016

Criminal Appeals Unit
First Judicial District of PA

**PROCEDURAL HISTORY**

On November 12, 2003, Petitioner was found guilty after a jury trial, presided over by the Honorable Jane Cutler Greenspan, of First Degree Murder, 18 Pa.C.S. § 2502(a), as a felony of the first degree; and Conspiracy, 18 Pa.C.S. § 903, as a felony of the first degree.

On January 9, 2004, Petitioner was sentenced to life imprisonment for the first degree murder conviction; ten (10) years to twenty (20) years for the conspiracy conviction, to run concurrently.

On July 22, 2005, the Superior Court affirmed the judgment of sentence.

Following the reinstatement of Petitioner's right to file a petition for allowance of appeal with the Pennsylvania Supreme Court, his appeal was denied on April 22, 2008.

On January 26, 2009, Petitioner filed a pro se petition under the Post Conviction Relief Act (PCRA). James Bruno, Esq. was appointed PCRA counsel and filed an amended petition.

On August 10, 2011, the Commonwealth filed a Motion to Dismiss.

On March 14, 2012, Petitioner's first PCRA petition was formally dismissed.

On April 12, 2012, Petitioner filed a pro se notice of appeal to the Superior Court.

1

On March 22, 2013, Attorney Bruno sent Petitioner a letter stating that he has been placed on temporary suspension by the Pennsylvania Supreme Court, effective March 28, 2013. *See* Petitioner's January 26, 2015 PCRA Petition at Exhibit P2. That same day, Attorney Bruno filed a Motion to Withdraw as Counsel and for Remand to Appoint Counsel, which was granted by the Superior Court on April 10, 2013.[1]

Lee Mandell, Esq. was appointed PCRA counsel by the Court Appointments Unit and entered his appearance on April 19, 2013.

On May 16, 2014, the Superior Court affirmed the Order formally dismissing Petitioner's first PCRA petition. In its Opinion, the Court stated that although Attorney Bruno failed to file a Rule 1925(b) Statement of Matters Complained of on Appeal, it was unnecessary to remand for the filing of a Rule 1925(b) statement nunc pro tunc because the PCRA court addressed all of the issues Petitioner raised in his PCRA petition. *Com. v. Bishop*, 1205 EDA 2012 at pp. 4-5 n. 3.

On July 11, 2014, Petitioner filed the instant, second PCRA petition, pro se, broadly asserting claims of ineffective assistance of PCRA counsel.

On August 13, 2014, Teri Himebaugh, Esq. entered her appearance as privately retained PCRA counsel.

On January 14, 2015, the Supreme Court denied the Petition for Allowance of Appeal from Petitioner's first PCRA petition.

On January 26, 2015, Attorney Himebaugh filed an amended petition.

On July 23, 2015, the Commonwealth filed a motion to dismiss.

On September 4, 2015, Petitioner filed a response to the Commonwealth's Motion to Dismiss.

---

[1] On November 13, 2014, the Supreme Court of Pennsylvania suspended Attorney Bruno from the practice of law for a period of two years retroactive to February 26, 2013. *See* Petitioner's January 26, 2015 PCRA Petition at Exhibit P5.

2

On October 14, 2015, the Court issued a 907 notice.

On November 16, 2015, Petitioner's second PCRA petition was formally dismissed.

On December 15, 2015, Petitioner filed the instant appeal the Superior Court.[2]

On February 4, 2016, Petitioner filed a Rule 1925(b) statement, pursuant to an Order of the Court, claiming that:

1. The PCRA court erred in dismissing Petitioner's second PCRA petition "by conflating the timeliness requirements with a merit's review, contravening" *Com. v. Bennett*, 930 A.3d 1264 (Pa. 2007).

2. The PCRA Court erred in dismissing Petitioner's second PCRA petition where the petition was filed within 60 days of PCRA counsel James Bruno, Esq. informing Petitioner that he was temporarily disbarred.

3. The PCRA court erred in dismissing Petitioner's second PCRA petition based on a finding that Petitioner could not establish prejudice where PCRA counsel's mental condition interfered with counsel's ability to provide Petitioner with effective assistance of counsel.

4. The PCRA court erred by appointing Petitioner an attorney "who had a long documented history of disciplinary issues dating back to 1997" and "by accepting Petitioner's pro se filings (907 Notice, Notice of Appeal) below while Attorney Bruno was still counsel of record."

5. The PCRA court erred by failing to restore Petitioner's PCRA rights "where counsel failed to perform his duties as required under Pa.R.Crim.P. 904."

---

[2] On December 29, 2015, Attorney Himebaugh, whom Petitioner privately retained, filed a Motion to Withdraw in the Superior Court. On December 31, 2015, Petitioner filed a motion to proceed pro se. On January 20, 2016, the Superior Court remanded to the PCRA court to conduct a hearing pursuant to *Com. v. Grazier*, 713 A.2d 81 (Pa. 1998). On March 21, 2016, the Court conducted a hearing and determined that since this was Petitioner's second PCRA petition, he was not entitled to court-appointed counsel.

3

## ANALYSIS

Petitioner's PCRA petition is untimely. The Pennsylvania Supreme Court denied his Petition for Allowance of Appeal on April 22, 2008. Petitioner's judgment of sentence became final on July 21, 2008, after the ninety-day period to file a writ of certiorari with the United States Supreme Court expired. See 42 Pa.C.S. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the review."). A petition for relief under the PCRA must be filed within one year of the date the PCRA petitioner's judgment of sentence becomes final, unless the petitioner alleges and proves that an exception to the one-year time-bar is met. *Com. v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citing 42 Pa.C.S. § 9545). Thus, Petitioner had until July 21, 2009, to file a timely petition, making his July 11, 2014 second PCRA petition patently untimely.

The timeliness of a PCRA petition is a jurisdictional requirement. *Com. v. Robinson*, 12 A.3d 477 (Pa. Super. 2011). The Act provides three, very limited exceptions to the requirement that a PCRA petition be filed within one year of finality of the judgment of sentence:

(i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

4

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Additionally, any petition invoking an exception must be filed within sixty (60) days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." *Com. v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (quoting *Com. v. Gamboa–Taylor,* 753 A.2d 780, 783 (Pa. 2000)).

Since Petitioner's PCRA petition is untimely, Petitioner must plead and prove the applicability of one of the above-stated exceptions to the PCRA's one-year time-bar for this Court to have jurisdiction over his appeal. Petitioner has failed to meet this burden.

## Issue I

In his Rule 1925(b) statement, Petitioner asserts that the PCRA court erred in dismissing his second PCRA petition "by conflating the timeliness requirements with a merit's review, contravening" *Com. v. Bennett*, 930 A.3d 1264 (Pa. 2007). This is not an exception to the jurisdictional time bar. *Com. v. Taylor*, 67 A.3d 1245, 1249 (Pa. 2013) (claim that PCRA court conflated the issues of timeliness and merits is not an exception to the PCRA time requirement). Thus, Petitioner's claim is without merit.

## Issue II - V

Issues two through five in Petitioner's Rule 1925(b) statement will be addressed together. Since Petitioner's July 11, 2014 PCRA petition is untimely, he attempts to circumvent the PCRA jurisdictional requirements by claiming after-discovered evidence in the form of a March 22, 2013 letter James Bruno, Esq., counsel for Petitioner's first PCRA petition, sent Petitioner

5

stating that he was being suspended from the practice of law. *See* Section 9545(b)(1)(ii). Petitioner alleges that this evidence demonstrates that Attorney Bruno rendered ineffective assistance during Petitioner's first PCRA petition.

Under the "after-discovered facts" exception to the PCRA timeliness requirement, a petitioner must establish that (1) he did not know the facts upon which he based his petition, and (2) he could not have learned those facts earlier with the exercise of due diligence. *Com. v. Burton*, 121 A.3d 1063, 1068 (Pa. Super. 2015) (citing 42 Pa.C.S. § 9545(b)(1)(ii)). The claim must be raised within sixty days of the date that the claim could have been presented. *Com. v. Feliciano*, 69 A.3d 1270, 1275 (Pa. Super. 2013) (citing 42 Pa.C.S. § 9545(b)(2)).

Where a petitioner relies on public information to establish the newly-discovered facts exception found in § 9545(b)(1)(ii), Pennsylvania courts have repeatedly and consistently held that he must file his petition within 60 days from the emergence of a "fact" into the public domain. *Taylor*, 67 A.3d at 1248; *Com. v. Lopez*, 51 A.3d 195, 196 (Pa. 2012) (information related to defense counsel's disciplinary issues was publicly available seven years before defendant's trial and 23 years before second PCRA petition; thus, newly-discovered facts exception did not apply); *Feliciano,* 69 A.3d at 1278 (information relating to suspension of trial counsel's license to practice law did not constitute a newly-discovered fact since information was publicly available 11 years before defendant filed PCRA petition).

In this case, information related to Attorney Bruno's disciplinary issues was publicly available for years, including when Petitioner's first PCRA petition was being prepared. These facts were easily discoverable and in the public record for longer than 60 days before the instant, second PCRA petition was filed on July 11, 2014.

6

Furthermore, even if Attorney Bruno's March 22, 2013, letter to Petitioner regarding his suspension could be considered "after-discovered evidence," Petitioner did not file his petition within 60 days of receiving the letter. Since Petitioner's petition is time-barred and no exceptions to the timeliness requirement exist, this Court lacks jurisdiction to address the merits of Petitioner's claims.

## CONCLUSION

Based on the foregoing, the Court's denial of the PCRA petition should be affirmed.

By the Court:

Rose Marie DeFino-Nastasi, J.

7